# Exhibit A



# Notice of Service of Process

null / ALL
Transmittal Number: 13051488
Date Processed: 10/14/2014

| | |
|---|---|
| Primary Contact: | Andrea Dickson-Rekasi<br>Asset Acceptance, LLC<br>28405 Van Dyke<br>Warren, MI 48093 |
| Copy of transmittal only provided to: | Carol Steury |
| Entity: | Midland Funding LLC<br>Entity ID Number  2618148 |
| Entity Served: | Midland Funding |
| Title of Action: | Sharon K. Million vs. Midland Funding LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Jackson County Circuit Court, Missouri |
| Case/Reference No: | 1416-CV23612 |
| Jurisdiction Served: | Missouri |
| Date Served on CSC: | 10/14/2014 |
| Answer or Appearance Due: | 11/12/2014 |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | A.J. Stecklein<br>913-371-0727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JALILAH OTTO | Case Number: 1416-CV23612 |
|---|---|
| Plaintiff/Petitioner:<br>SHARON MILLION<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address, or Plaintiff/Petitioner, if pro se:<br>ALAN J. STECKLEIN<br>748 ANN AVENUE<br>KANSAS CITY, KS 66101<br>(913) 371-0727 |
| Defendant/Respondent:<br>MIDLAND FUNDING | Date, Time, and Location of Court Appearance:<br>12-NOV-2014, 09:00 AM<br>DIVISION 26 7TH FLOOR<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>AC Misc Associate Civil-Other | |

(Date File Stamp)

## Associate Summons for Service by Registered or Certified Mail

The State of Missouri to: MIDLAND FUNDING
Alias:

SERVE RA: CSC-LAWYERS
INCORPORATING SERVICE COMPANY
221 BOLIVER STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this Court on the date, time, and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy which of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

07-OCT-2014
Date Issued                                           _____
                                                              Clerk

Further Information:

## Certificate of Mailing

I certify that on __07-OCT-2014__ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent MIDLAND FUNDING by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

__07-OCT-2014__                                       _____
Date                                                          Clerk

Electronically Filed - Jackson - Kansas City - October 02, 2014 - 10:03 AM

In the Associate Circuit Court of Jackson County, Missouri

| | |
|---|---|
| Sharon K. Million | Case No.: _____ |
| Plaintiff, | Division: ___ |
| vs. | |
| Midland Funding LLC, | |
| Defendant. | |

## PETITION

### COUNT I
(Assessing and reporting interest for which Defendant is not entitled by contract or law - Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)

Comes now Plaintiff Sharon K. Million and for Plaintiff's petition against Defendant Midland Funding LLC hereby alleges as follows:

1. Plaintiff is a natural person residing in Missouri.

2. Defendant regularly conducts business in the state of Missouri.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

4. Defendant is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

5. Defendant is engaged in the business of purchasing and collecting "charged-off" consumer accounts alleged to have been originally owed to others

(hereinafter "originating creditor").

6. In August 2014, Defendant reported to a credit reporting agency, Experian, that it has purchased a consumer account from Chase Bank USA N.A. and, pursuant to that purchase, and Defendant now alleges that it stands in the shoes of Chase Bank USA N.A. and is entitled to enforce the account pursuant to that purchase.

7. In August 2014, Defendant reported to a credit reporting agency, Experian, that the amount owed was $2081.00 as of August 2014.

8. On the same credit report, the creditor from whom Defendant purported to purchase the debt, Chase Bank USA N.A., reported that it had charged off the debt at an amount less than $2081.00.

9. The credit report shows the interest being assessed by Midland Funding, LLC.

10. Therefore, Defendant had assessed interest on the alleged debt after it was charged off by the original creditor, Chase Bank USA N.A..

11. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

12. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

13. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

14. Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires

creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* at § 226.5(b) (2)(i).

15. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

16. One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. *Id.* at § 226.5(b) (2)(i).

17. Therefore, under applicable regulations, Chase Bank USA N.A. was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" 12 C.F.R. § 226.5(b)(2)(I).

18. Previous to the alleged purchase of the account by the Defendant from Chase Bank USA N.A., Chase Bank USA N.A. charged-off an account alleged to have been incurred by Plaintiff.

19. Because Chase Bank USA N.A. had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

20. Therefore after charging-off the account, Chase Bank USA N.A. did not send any billing statements regarding the account to the debtor.

21. Chase Bank USA N.A. took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

Electronically Filed - Jackson - Kansas City - October 02, 2014 - 10:03 AM

22. The legal tradeoff for entitling Chase Bank USA N.A. to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

23. Therefore, after the account was written off, Chase Bank USA N.A. was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

24. Furthermore, Chase Bank USA N.A. had therefore waived its right to charge interest on the charged off account. *Simkus v. Cavalry Portfolio Services, LLC*, 2012 WL 1866542 2012; *McDonald v. Asset Acceptance LLC*, Case No. 2:11-cv-13080, ED Michigan 2013.

25. Defendant professes to be in the same shoes as Chase Bank USA N.A..

26. Defendant would not acquire any greater rights than Chase Bank USA N.A. had at the time of the alleged purchase.

27. At the time of the alleged purchase, Chase Bank USA N.A. did not have the legal right to charge interest.

28. There is no legal basis for Defendant to charge interest on the charged-off account for which Chase Bank USA N.A. failed to maintain periodic statements.

29. By assessing interest as due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692f which prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. By reporting that interest was due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692e(a)8 which prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

31. The Plaintiff was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

32. The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

33. The above-described acts are misleading to the least sophisticated consumer.

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

5

Case 4:14-cv-01007-ODS   Document 1-1   Filed 11/10/14   Page 8 of 12

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

>Respectfully Submitted,
>ATTORNEYS FOR PLAINTIFF
>
>/s/ A.J. Stecklein
>
>A.J. STECKLEIN #46663
>MICHAEL RAPP # 66688
>Consumer Legal Clinic, LLC
>748 Ann Ave
>Kansas City, KS 66101
>Telephone: (913) 371-0727
>Facsimile: (913) 371-0147
>Email: aj@kcconsumerlawyer.com
>       mr@kcconsumerlayer.com

6

In the Associate Circuit Court of Jackson County, Missouri

Sharon K. Million
        Plaintiff,
vs.

Midland Funding, LLC

        Defendant.

Case No.: _____

Division: \_\_\_

## AFFIDAVIT IN SUPPORT OF SERVICE BY MAIL

STATE OF MISSOURI    )
                              ) ss.
COUNTY OF JACKSON    )

A.J. Stecklein, of lawful age, being first duly sworn upon his oath, deposes and states that:

1.    He is the attorney for the above-named Plaintiff, being licensed to practice in the State of Missouri, having his office at 748 Ann Avenue, Kansas City, Kansas 66101.

2.    The Defendant is a foreign corporation with corporate headquarters in Ohio.

3.    The name and address of the Defendant's registered agent is: CSC-Lawyers Incorporating Service Company, 221 Boliver Street, Jefferson City, Missouri 65101.

4.    Personal service may not be obtained on the Defendant in Jackson County, Missouri.

5. The name and address of the party to be served by mail is: Midland Funding, LLC, CSC-Lawyers Incorporating Service Company, 221 Boliver Street, Jefferson City, Missouri 65101.

Respectfully Submitted,

By: _____
A.J. Stecklein # 46663
Michael H. Rapp # 66688
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
        mr@kcconsumerlayer.com
Attorneys for Plaintiff

Subscribed and sworn to before me, a notary public, on September 26, 2014.

_____
Notary Public

JACKSON COUNTY CIRCUIT COURT
ASSOCIATE CASE INITIATION 3RD FL
415 E 12TH ST
KANSAS CITY, MO 64106-2706

**CERTIFIED MAIL**

**Return Receipt (Electronic)**

9214 8901 0661 5400 0041 5389 26




US POSTAGE $05.84
PITNEY BOWES
02 1R
0002009643   OCT 09 2014
MAILED FROM ZIP CODE 64108

1416-CV23612

SERVE RA CSC LAWYERS
MIDLAND FUNDING
221 BOLIVAR ST
JEFFERSON CITY, MO 65101-1574

RETURN SERVICE
REQUESTED

1st NOTICE
2nd NOTICE